# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CLAYTON D. GRISBY, | : |
| Plaintiff, | : |
| | Case No. 3:10cv00184 |
| vs. | : |
| | District Judge Thomas M. Rose |
| | Magistrate Judge Sharon L. Ovington |
| WILBERFORCE UNIVERSITY, | : |
| Defendant. | : |
| | : |

# REPORT AND RECOMMENDATIONS[1]

## I.  Introduction

Plaintiff Clayton D. Grisby brings this case pro se claiming that his employer, Defendant Wilberforce University, violated his rights under the Family and Medical Leave Act of 2003 (FMLA); the Fourth and Fifth Amendments to the Constitution; and various other provisions of federal law.  In addition to Wilberforce University, Plaintiff asserts his claims against three individuals, whom he characterizes as "Agents" of Wilberforce University.  (Doc. #8 at 29).  The individual Defendants are Patricia L. Hardaway, President of Wilberforce University; Dr. Eugenia Shittu, Plaintiff's immediate supervisor and Interim Dean of Arts and Sciences; and Lymann Montgomery, Wilberforce University's Director of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Human Resources.

The case is before the Court upon Plaintiff's Preliminary Injunction Motion (Doc. #9), Defendants' Motion for More Definite Statement (Doc. #12), Plaintiff's Motion to Execute Amended Complaint, Uncontested Preliminary Injunction Motion and Certification of Uncontested Motion Claims (Doc. #13), Defendants' Memorandum in Opposition (Doc. #15), Plaintiff's Notice (Doc. #16), Defendants' Response (Doc. #17), and the record as a whole.

## II.  Plaintiffs' Amended Complaint

Wilberforce University[2] has employed Plaintiff full-time since September 1, 1988. He is currently a tenured professor.  (Doc. #8 at 28-29).

Plaintiff's Amended Complaint describes, in the main, a controversy over Defendants' decision to deny ongoing FMLA leave to Plaintiff.  Plaintiff alleges:

> "The illegal actions of the Defendants ... arise from FMLA Certification that was approved by former WU administration for the Plaintiff on August 27, 2004 and the Agreement that WU would continue to provide a <u>consistent class schedule</u> that would not disturb the specified medical regimen.  The specified medical regimen included but was not limited to bi-weekly injections, periodic check-ups, on-going immunological related examinations and reasonable access to attending physician(s) during their available office hours.  See 29 U.S.C. §§ 2652 and 2653.
>
> From August 27, 2004 through November 12, 2009, the FMLA certification and the said Agreement worked well for the benefit of all parties.  There were no interruptions to the Plaintiff's medical regimen and the University received a near perfect attendance record from Plaintiff.  However,

---

[2] "Founded prior to the end of slavery in 1856, [Wilberforce University] is the nation's oldest, private African-American university." http://www.wilberforce.edu/welcome.

2

> on or about November 12, 2009 and at other times the Defendants ... foisted on Plaintiff a spurious requirement to get a 'recertification' for the FMLA designated leave."

(Doc. #8 at 29-30)(emphasis in original).  Defendants allegedly did not initially notify Plaintiff about the withdrawal.  According to Plaintiff, once he learned about the withdrawal he obtained medical recertification, which Defendants failed to recognize or accept.

Plaintiff's Amended Complaint lists thirty-six Counts.  He seeks nine types of relief including, for example:  "[r]einstatement of full and complete FMLA rights";  "[r]ecovery of sick leave time";  "[c]ompensation for damages for personal injuries: flare ups of skin ailment brought on by stress and other factors"; and [r]estoration of full medical benefits coverage inclusive of dental to the equivalent level of the initial FMLA certfication."  (Doc. #8 at 40-41).

### III.  Discussion

#### A.  The Parties' Contentions

Defendants contend that an Order directing Plaintiff to submit a more definite statement is warranted under Fed. R. Civ. P. 12(e) for several reasons:  (1) Plaintiff's Amended Complaint does not contain numbered paragraphs, except in a confusing and partial manner, as required by Fed. R. Civ. P. 10(b); (2) Plaintiff's numbered paragraphs are not limited to a single set of circumstances; and (3) the terms "fraud" or "fraudulent" appear often but are unsupported by factual specificity.

Plaintiff has not responded to Defendants' motion with a separate document captioned, "memorandum in opposition."  He has thus not proceeded in the manner

contemplated – if not suggested – by this Court's local rules. *See* S.D. Ohio Civ. R. 7(a)(2). Plaintiff, however, has filed a Motion to Execute Amended Complaint raising thirty-one separate Grounds. Many of his Grounds point out the defects, from Plaintiff's viewpoint, in Defendants' motion. For example, Plaintiff contends that because Defendants failed to file a timely answer, he is entitled to a preliminary injunction and to the relief he seeks in his Amended Complaint. He also argues, in essence, that Defendants have defaulted under Fed. R. Civ. P. 42 by filing a motion for more definite statement rather than an answer or a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff views Defendants' motion for more definite statement "as a belligerent act well beyond the minimum standard of contempt...." (Doc. #13 at 145). And he sees no reason to respond with more specific allegations concerning his fraud claims "since Defense Counsel does not identify which of '**the particular circumstances constituting the alleged fraud are not set forth**...,' to what Defense Counsel is referring, Defense Counsel is again in violation of Rules 9(c) and 12(b)(6)...." (Doc. #13 at 147).

      B.    <u>**Applicable Standards and Analysis**</u>

Rule 12(e) permits a defendant to move for a more definite statement concerning a complaint or amended complaint, "which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 10(b) requires a plaintiff to state his or her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Defendants are correct that Plaintiff's Amended Complaint does not contain numbered paragraphs as required by Rule 10(b). To Plaintiff's credit, the Amended

4

Complaint contains separately numbered Counts.  Yet the most substantive of these – Count I – begins with three unnumbered paragraphs followed by paragraphs numbered 1 through 3.  In addition, the Amended Complaint is framed under a "Memorandum of Law" containing many unnumbered paragraphs and sections or subsections titled, "Background," Introduction," "Defendant's Illegal Actions," "Governance," "Absentee Notice," and "Lasting Action."   (Doc. #8 at 29-31).  This organizational structure begs for separately numbered paragraphs not only to comply with Fed. R. Civ. P. 10(b) but also to assist Defendants in responding to Plaintiffs' allegations and claims in the manner required by Rule 8(b).  In addition, requiring Plaintiff to submit another Amended Complaint with separately number paragraphs each "limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), should assist Plaintiff in clearly conceptualizing and presenting what now appears to be a mountainous jumble of legal theories.

  This is not to say, however, that Plaintiff's Amended Complaint fails to state a claim upon which relief could be granted.  That issue is not before the Court today, and nothing in this Report is intended to suggest that it should or should not be in the future.

  Plaintiffs' objection to Defendants' failure to file a timely answer does not help him.  Defendants are not in default; they filed a timely response – their motion for more definite statement – rather than an answer.  The plain language of Fed. R. Civ. P. 12(e) permits as much: "A party may move for a more definite statement of a pleading to which a responsive is allowed...."  Defendants' motion, moreover, is timely since they filed it before their answer was due.  *See id*.

5

Turning next to Plaintiff's potential fraud claims, Fed. R. Civ. P. 9(b) states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Plaintiff's Amended Complaint uses the term "fraud," or some variation, in various places. *E.g.,* Doc. #8 at Counts 1, 7, 8, 26, 32-35. It is unclear, however, whether Plaintiff seeks to raise a separate "fraud" cause of action or claim against Defendants. *See id*. To the extent he does, he must do so more specifically. He must "'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 563 (6th Cir. 2003) (citing in part *Coffey v. Foamex L.P*., 2 F.3d 157, 161-62 (6th Cir. 1993)).

Lastly, Plaintiff has not demonstrated that a preliminary injunction should issue. He has not demonstrated a strong likelihood of success on the merits; he has not shown that he has or will continued to suffer "irreparable" injury without a preliminary injunction; and the record is silent regarding whether the issuance of a preliminary injunction would either harm others or serve the public interest. *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (listing factors). Consequently, although Plaintiff is not required to establish each of the above factors as a prerequisite to obtaining a preliminary injunction, *see Overstreet v. Lexington-Fayette Urban County Govt*., 305 F.3d 566, 573 (6th Cir. 2002), none of the applicable factors balances in favor of issuing a preliminary injunction. *Cf. Overstreet*, 305 F.3d at 573 ("A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly

6

demand it.").

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendants' Motion for More Definite Statement (Doc. #12) be GRANTED;

2. Plaintiff be directed to file a Second Amended Complaint complying with Fed. R. Civ. P. 8(a), 9(b), and 10(b);

3. Plaintiff's Preliminary Injunction Motion (Doc. #9) be DENIED; and

4. Plaintiff's Motion to Execute Amended Complaint, Uncontested Preliminary Injunction Motion and Certification of Uncontested Motion Claims (Doc. #13) be DENIED.


November 15, 2010                                s/Sharon L. Ovington
                                                 Sharon L. Ovington
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(c), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).