UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Clayton D. Grisby,**

        *Plaintiff*,

   v.                                              Case No. 3:10-CV-184
                                                         Judge Thomas M. Rose

**Wilberforce University, Patricia L. Hardaway,**
**Eugenia Shittu, and Lyman Montgomery,**

        *Defendants.*

---

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ECF No. 53, AND TERMINATING CASE.

---

Pending before the Court is Defendants' Motion for Summary Judgment, ECF No. 53. Plaintiff asserts one claim against Defendants for interference of his rights under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654 [hereinafter FMLA]. *See* Second Am. Compl., ECF No. 37. Specifically, Plaintiff alleges that Defendants interfered with his FMLA rights by requiring a recertification over five years after his original certification, *Id.* at ¶¶ 16, 18, ECF No. 37, and denying his request for a special schedule which deviated substantially from Defendant Wilberforce University's uniform scheduling protocol. *Id.* at ¶¶ 11, 14, 17. Defendants respond that they have fully accommodated Plaintiff's treatment as certified by his physician, and as such, Plaintiff was not denied any benefit to which he was entitled pursuant to the FMLA. Def.'s Mot. Summ. J. 15, ECF No. 53. Because there is no genuine issue of material fact and the undisputed

facts show that Defendants fully accommodated treatment of Plaintiff's certified medical condition, the Court grants Defendants' Motion.

**I.     Factual Background**

In 1990 Plaintiff began teaching psychology at Defendant Wilberforce University [hereinafter Wilberforce]. Grisby Dep. 23:10–13, Mar. 16, 2012, ECF No. 57. Around 1996, he also began a part-time position at Wright State University Boonshoft School of Medicine as a male teaching associate. Grisby Dep. 30:3–9, ECF No. 57. This latter position required Plaintiff to act as the subject of physical examinations for four hours each Friday afternoon. Grisby Dep. 26:8–14; 37:23–25, ECF No. 57.

In 2004 Plaintiff requested from Wilberforce indefinite intermittent FMLA leave for treatment of his medical condition. Grisby Dep. 60:11–61:17, ECF No. 57. According to his physician's certification, Plaintiff suffered from "allergic rhinitis and asthma of a chronic nature exacerbating chiefly during hay fever season," for which Plaintiff received an allergy injection every two (2) to three (3) weeks. Grisby Dep. Ex. F, ECF No. 57. The certification also provided that Plaintiff would need FMLA leave "during conflicting office hours." *Id.* It made no mention of Plaintiff's need for a special, reduced work schedule. *Id.*

Wilberforce granted Plaintiff's request. Second Am. Compl. ¶ 13, ECF No. 37. Thereafter, Plaintiff received his injections pursuant to the 2004 medical certification at Allergy & Asthma Centre of Dayton. Grisby Dep. 99:4–8, ECF No. 57. At this location patients could receive injections on a walk-in basis on Mondays from 7:00 a.m. to 11:30 a.m. and 1:00 p.m. to 4:30 p.m., Thursdays from 9:00 a.m. to 11:30 a.m. and 1:00 p.m. to 6:30 p.m., and Fridays from 9:00 a.m. to

1:00 p.m. Grisby Dep. Ex. M, ECF No. 57. Plaintiff at no time in the next five years requested any FMLA leave pursuant to his doctor's certification. Second Am. Compl. ¶ 13, ECF No. 37.

In November 2009, Plaintiff received his teaching schedule for the Spring 2010 semester. Grisby Dep. 80:25–81:2, ECF No. 57. Defendant Dr. Shittu, Plaintiff's supervisor, had prepared it, Hardaway Dep. 18:16–18, Mar. 23, 2012, ECF No. 55, in accordance with Wilberforce's university-wide scheduling protocol, which minimized scheduling conflicts. Hardaway Dep.11:19–13:4, ECF No. 55. The protocol involved fifty minute courses on Mondays, Wednesdays, and Fridays and seventy-five minute courses on Tuesdays and Thursdays. *Id.* In the Spring 2010 semester Plaintiff was to teach two fifty-minute classes and three seventy-five-minute classes. Grisby Dep. Ex. H, ECF No. 57.

Apparently, this schedule conflicted with Plaintiff's part-time male teaching associate position. Second Am. Compl. ¶ 1; Grisby Dep. 75:15–76:6; 33:3–17, ECF No. 57. On January 6, 2012, Plaintiff, at least in part to avoid that conflict, requested a special schedule that involved regular leave Monday, Wednesday, and Friday afternoons and classes on fewer days in larger time blocks. Grisby Dep. 75:15–76:6; 108:19–24, ECF No. 57. He represented that the examinations he received as a male teaching associate were part of his certified treatment, and so the FMLA entitled him to the special schedule. *Id.* at 75:15–76:6; Second Am. Compl. ¶ 12, ECF No. 37.

Two days later, Defendant Lyman Montgomery, Wilberforce's director of human resources, denied Plaintiff's request because his 2004 FMLA medical certification did not indicate any need for the special schedule, Montgomery Dep. 37:7–22, Mar. 23, 2012, ECF No. 58, nor did it indicate any need for the type of examinations Plaintiff participated in as a male teaching associate.

*See* Grisby Dep. Ex. F, ECF No. 57. Defendants also requested an updated certification. Grisby Dep. 126:24–127:2, ECF No. 57.

On or about January 25, 2010, Plaintiff provided Defendants with an updated medical certification and FMLA leave request. Grisby Dep. 132:16–19, ECF No. 57. Similar to the 2004 certification, this certification stated that Plaintiff suffered from "allergic rhinitis and asthma of a chronic nature"; that Plaintiff would need intermittent leave for treatment of "asthmatic-like symptoms of a chronic nature that bring about episodic and unpredictable periods of incapacity"; and that Plaintiff's treatment involved "allergy injections every 2-4 weeks" and doctor visits "at least twice a year due to . . . asthma . . . [and] as needed for attacks." Grisby Dep. Ex. T, ECF No. 57.

On March 11, 2010, Dr. Hardaway, president of Wilberforce, approved Plaintiff's request for intermittent FMLA leave for treatment every two to four weeks according to his medical certification, but again denied his request for the special schedule on the basis that "differed considerably from [his] physician's certification." Grisby Dep. Ex. U, ECF No. 57.

**II.     Summary Judgment Standard**

Rule 56 provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, a court must deny summary judgment "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

The party seeking summary judgment has the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to

interrogatories, admissions, and affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. V. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S., at 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S., at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S., at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, § 2726. Rather, credibility determinations must be left to the fact-finder. *Id.*

Finally, in ruling on a motion for summary judgment, "[a] district court is not … obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Rather, a court may rely on the facts which the parties present as material.

**III.    Analysis**

To prevail on a claim for interference of FMLA rights, a plaintiff must show that: (1) the claimant is an eligible employee for purposes of the Act; (2) the defendant is an employer subject to the FMLA's requirements; (3) the employee was entitled to FMLA leave benefits by virtue of meeting certain criteria; (4) the employee provided adequate notice of his intent to invoke FMLA leave benefits; and (5) the defendant denied the employee FMLA benefits to which the employee was entitled. *Kleinser v. Bay Park Cmty. Hosp.*, 793 F.Supp.2d 1039, 1043 (N.D. Ohio 2011) (citing *CAVIN v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003)). For purposes of their Motion for Summary Judgment, Defendants concede that the first two elements are met. Def.'s Mot. Summ. J. 12, ECF No. 53.

Plaintiff filed the present action asserting one claim for Defendants' violation of the FMLA. Second Am. Compl. ¶¶ 5–22. Specifically, Plaintiff alleged that Defendants interfered with his FMLA rights by (1) requiring a recertification five years after his original certification, and (2) denying his request for the special schedule. Second Am. Compl. ¶¶ 16, 17, 19, 20. The Court will address these allegations in turn.

Plaintiff first contends that Defendants interfered with his FMLA rights by requiring an updated medical certification five years after his original certification. Second Am. Compl. ¶¶ 16, 18, ECF No. 37; Pltf.'s Resp. to Def.'s Mot. Summ. J. 8, ECF No. 61. The FMLA provides: "The employer may require that the eligible employee obtain subsequent recertifications on a reasonable basis." 29 U.S.C. § 2613(e). FMLA regulation further states: ". . . if the medical certification indicates that the employee will need intermittent or reduced schedule leave for a period in excess of six months (e.g., for a lifetime condition), the employer would be permitted to request

recertification every six months in connection with an absence." 29 C.F.R. § 825.308(b). However, "if the employee's health care provider has specified a minimum duration the employee needs FMLA leave, the employer may not request recertification in less than the minimum period specified on the certification *unless the employee requests an extension of leave, circumstances have changed, or the employer receives information that casts doubt on the validity of the certification.*" *Harcourt v. Cincinnati Bell Tel. Co.*, 383 F.Supp.2d 944, 957 (S.D. Ohio 2005) (emphasis added).

Plaintiff's 2004 medical certification did not state that Plaintiff needed a reduced work schedule. Grisby Dep. Ex. F, ECF No. 57. Instead, it stated that Plaintiff's treatment would require leave only "during conflicting office hours" for injections every two to four weeks and for emergencies. *Id.* After five years without requesting FMLA leave pursuant to this certification, Plaintiff requested substantial, regular leave in contravention of Wilberforce's university-wide scheduling protocol and without support from his medical certification. Grisby Dep. 75:15–76:6; 108:19–24; Grisby Dep. Ex. F, ECF No. 57. Under *Harcourt*, Plaintiff's request for the special schedule, in light of the five-year time lapse since his original certification and the apparent inconsistency between his request and his medical certification, constituted a "change of circumstances" that reasonably warranted Defendants' request for recertification. Therefore, the undisputed facts show that Defendants' request for recertification was reasonable under 29 U.S.C. § 2613(e) and did not interfere with Plaintiff's FMLA rights.

Plaintiff also contends that Defendants interfered with his FMLA rights by refusing to grant him a special teaching schedule which would permit him to attend his certified treatment as well as his part-time position as male teaching associate. Second Am. Compl. ¶¶ 11, 12, 17, ECF No. 37; Pltf.'s Resp. to Def.'s Mot. Summ. J. 8, ECF No. 61. FMLA leave "may be taken intermittently

. . . when medically necessary." 29 U.S.C. § 2612(b)(1); *see also Kleinser* at 1044 (stating that the "unfettered right to take FMLA leave because of a serious health condition intermittently [exists] when 'medically necessary,' with or without employer consent.").

It is undisputed that the examinations Plaintiff received in the course of his employment as a male teaching associate were not part of his certified treatment. Grisby Dep. 75:20–76:6, ECF No. 57. As such, they were not medically necessary for FMLA purposes. Accordingly, Plaintiff's claim fails to the extent it rests on Defendants' denial of his request for a special schedule to attend those examinations.

In addition, Plaintiff has failed to show that Defendants otherwise interfered with his certified treatment regimen in any way. On the contrary, Defendants granted each of Plaintiff's FMLA requests according to his medical certifications. *See* Grisby Dep. Ex. E; Grisby Dep. Ex. U, ECF No. 57. Defendants accommodated him by permitting him to take any and all leave related to his certified treatment, paying him for such leave, and not deducting from his accrued sick leave. Hardaway Dep. 53:9–12, ECF No. 55. Based on these undisputed facts, Defendants did not interfere with Plaintiff's FMLA rights by denying his request for a special schedule. For all of the foregoing reasons, the Court concludes that Defendants did not interfere with Plaintiff's rights under the FMLA.

## IV.     Conclusion

Plaintiff claims that Defendants interfered with his FMLA rights by refusing to grant him a special teaching schedule and by requiring a recertification over five years after his original certification. However, the undisputed facts show that Defendants fully accommodated the treatment of Plaintiff's condition as certified by his physician. Therefore, Defendants' Motion for Summary Judgment, ECF No. 53, is **GRANTED**. The captioned cause is hereby **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.[1]

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 16, 2012.

s/Thomas M. Rose
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges the valuable contribution and assistance of judicial extern Benjamin J. Christoff of the University of Dayton School of Law in drafting this opinion.